**COVER et al. v. BURNET.**

**No. 5157.**

Court of Appeals of District of Columbia.

Argued Oct. 7, 1931.

Decided Nov. 2, 1931.

Swagar Sherley, Frederick De C. Faust, and C. F. Wilson, all of Washington, D. C., for appellants.

C. M. Charest, Prew Savoy, Sewall Key, and Wm. Cutler Thompson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case involves federal estate taxes under the Revenue Act of 1926, 44 Stat. 9, 69.

Appellants are the executors of the estate of Thomas Cover, who died testate on March 26, 1926, a resident of Winchester, Va. On January 17, 1918, the decedent executed a deed of trust to the Safe Deposit & Trust Company of Baltimore, the material parts of which are as follows:

"Know all men by these presents:

"That I, Thomas Cover, of Winchester, Virginia, do, out of the love and affection which I bear to my children and descendants and for the purpose of providing an income for them, hereby, give, grant and assign unto the Safe Deposit and Trust Company of Baltimore, a body corporate of the State of Maryland, the securities enumerated on the schedule hereto attached and made part hereof, to be held by it for the following uses and trust purposes, that is to say:

"To collect the income therefrom and after paying thereout all taxes and charges, including a commission to the trustee for all services under this deed of five per cent (5%) on the amount of income collected, to pay the remainder of such income on December 1st 1918, and every six months thereafter to my children and the descendants of my deceased children living from time to time as said income is payable, such payments to be per stirpes; * * *

"The above trust shall continue until the death of all my children and until the youngest grandchild of mine living at my death shall reach the age of twenty-one years, when it shall cease and the trustee shall divide the principal of the trust estate among all of my descendants then living, per stirpes.

"Power is hereby conferred upon said trustee to vary the investments of the trust estate in such manner as it may deem desirable, except that during my life only with my approval, and for the convenient management of the trust, it is authorized to have registered in its name, in its sole capacity without defining thereon the trusts, all registered securities.

"All payments hereunder to my children and descendants or other distributees shall be made to them direct, into their own hands and not into the hands of another, whether claiming by their authority or otherwise, provided, however, said trustee may, during the minority of any of my descendants, apply their share of the income to their support and education.

"I hereby reserve to myself the right, at any time or times during my life, to alter, change, or modify the trusts hereby created, without the right to withdraw any part of the principal; any such change, alteration, or modification by me to be evidenced by a paper writing under my hand and seal and lodged with said trustee during my lifetime.

"Witness my hand and seal this 17th day of January, A. D., nineteen hundred and eighteen. Executed in duplicate.

"Thomas Cover. [Seal.]"

The grantor at the same time transferred and delivered to the trust company certain bonds, stocks, and like securities, having a value in excess of $300,000, as the corpus of the trust fund. Certain other property was added to the trust by a deed of the grantor dated January 8, 1919, and on January 17, 1919, the grantor executed an instrument directing that on January 1, 1925, the trustee should pay to each of grantor's three grandchildren, Thomas Cover Barton, Lewis N. Barton, Jr., and Joseph Marx Barton, Jr., the sum of $10,000 out of the principal of the trust estate, the trustee to charge each grandchild with interest upon the sum received by him, and upon the termination of the trust the three sums of $10,000 each together with the interest thereon accrued should be brought into the principal of the trust estate and charged against the shares of the grandchildren respectively or to their representatives should they be then deceased.

At the date of decedent's death on March 26, 1926, the above trust was in full force and effect and the trustee held securities of a total value of $391,920.78, as the entire corpus of the trust estate. At that time there had accrued unpaid income arising from the securities in the amount of $5,249.80.

The Commissioner of Internal Revenue thereupon held, over the objection of appellants, that the estate of decedent was assessable with estate taxes upon the trust fund, under section 302 (c) and (d) of the Revenue Act of 1926, in the sum of $33,355.07, to be credited nevertheless with 80 per cent. thereof payable as an estate tax to the state of Virginia.

The Board of Tax Appeals affirmed this determination, and this appeal was taken.

The Revenue Act of 1926 reads, in part, as follows:

"Sec. 301. (a) * * * a tax equal to the sum of the following percentages of the value of the net estate * * * is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this act. * * *

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *" 26 USCA § 1092, and § 1094 (c) and (d).

The commissioner claims that owing to the reservation contained in the trust deed the transfer of the trust fund by decedent to the trustee was made in contemplation of death, and that the enjoyment thereof by the beneficiaries was subject at the date of decedent's death to be changed at will by him through the exercise of the power thus reserved, thus subjecting the estate to estate taxes under the foregoing statute.

We do not agree with this claim, for it is expressly stipulated in the reservation that the grantor shall have no right thereafter to withdraw any part of the principal from the trust. In other words, the grantor reserved no power to repossess himself at any time of any part of the principal of the fund, nor to withdraw the same from the beneficiaries who were to receive it under the terms of the trust instrument. Accordingly, the right reserved by the grantor to alter, change, or modify the trust did not extend to a redisposition of the corpus of the fund, and even if by force of the reservation the grantor could have demanded and obtained the entire income from the trust fund during his lifetime, the irrevocable grant of the remainder would not have been affected thereby.

In May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244, a transfer of property in trust was made by a grantor since deceased, under which the income was payable to grantor's husband during his lifetime and after his death to the grantor during her lifetime, with remainder over to her children. It was held that the transfer was not made in contemplation of or intended to take effect in possession or enjoyment at

or after death, within the legal significance of those words; and that, therefore, the corpus of the trust should not be included in the value of the gross estate of the decedent for purposes of estate tax under section 402 (c) of the Revenue Act of 1918 (40 Stat. 1097). In its decision the court quoted the following language from Reinecke v. Northern Trust Co., 278 U. S. 339, 347, 49 S. Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R. 397: "In its plan and scope the tax is one imposed on transfers at death or made in contemplation of death and is measured by the value at death of the interest which is transferred. * * * One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift *inter vivos,* equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it wanting in the present statute. * * *"

In Burnet, Commissioner v. Northern Trust Co., Executor, 283 U. S. 782, 51 S. Ct. 342, 75 L. Ed. 1412, the court, upon authority of May v. Heiner, supra, affirmed the judgment of the Circuit Court of Appeals, Seventh Circuit, 41 F.(2d) 732, holding that a transfer by an irrevocable trust deed, providing for payment of income to settlor for life and thereafter to children, was not taxable as a transfer in contemplation of death, under Revenue Act of 1921, § 402 (c), 42 Stat. 278.

In Morsman, Administrator v. Burnet, Commissioner, 283 U. S. 783, 51 S. Ct. 343, 75 L. Ed. 1412, the court upon authority of May v. Heiner, supra, reversed the judgment of the Circuit Court of Appeals, Eighth Circuit, 44 F.(2d) 902, which held that the value of a trust estate is properly included in the gross estate for taxation under Revenue Act 1924, section 302 (c), 26 USCA § 1094 note, where the donor reserves enjoyment of the income during his lifetime.

It may be observed that section 302 (c) and (d), Revenue Act of 1924 (26 USCA § 1094 note), and section 302 (c) and (d) of the Revenue Act of 1926 (26 USCA § 1094 (c) and (d), herein involved, are substantially identical.

In our opinion these decisions require a reversal of the board's decision in the present case. For the transfer in question was not made in contemplation of decedent's death or intended to take effect in possession or enjoyment at or after his death, within the terms of section 302 (c), supra, nor did the grantor reserve in the transfer any power to alter, amend, or revoke the same or to change the enjoyment thereof at the date of his death, as defined by section 302 (d), supra.

Numerous authorities have been cited in the briefs, all of which have been examined, but most of them, while interesting and instructive, do not seem to require specific discussion in this opinion.

The decision of the board is reversed, and the cause is remanded for such order as is consistent with this opinion.