## COOK et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 4985.

Circuit Court of Appeals, Third Circuit.
Sept. 14, 1933.

---

Robert H. Montgomery, of Washington, D. C. (Thomas G. Haight, of Jersey City, J. Marvin Haynes, of Washington, D. C., and Roswell Magill, of New York City, of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank T. Horner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioners are the executors of the estate of George R. Cook, deceased. In July, 1923, the decedent created eight trusts of like amounts, naming his wife and three children as beneficiaries. In no instance did he designate himself as a beneficiary. Each original trust deed reserved to the settlor the power to modify, alter, or revoke the trust, subject, however, to the restriction that he "shall not designate himself as beneficiary." In 1924 he increased the corpus of the trust funds and declared that he had no interest in the corpus of the trust or in the income therefrom. In 1925 he again increased the corpus, and reiterated the declaration of no interest in the corpus or the income, and declared that "no part of the principal or the income therefrom is to be or will be used to pay premiums of life insurance policies on my life." The settlor limited his right to change the beneficiaries to three of the four beneficiaries named in the original deeds of trust.

Between 1898 and 1911 the decedent had taken out eight policies of insurance on his own life payable to specific beneficiaries. He reserved, in the policies, the right to change the beneficiaries.

The Commissioner of Internal Revenue, in his assessment of taxes, included in the gross estate of the decedent, as of the date of his death, the value of all the property passing under the trusts and the proceeds of the insurance policies in excess of $40,000, under the provisions of the Revenue Act of 1924. A deficiency was determined, and upon appeal the Board of Tax Appeals sustained that determination. The pertinent section of the act is as follows:

Section 302. "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for a fair consideration in money or money's worth; * * *

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

"(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights,

powers, and relinquishment of powers, as severally enumerated and described therein whether made, created, arising, existing, exercised or relinquished before or after [the enactment of this Act]." (26 USCA § 1094 note.)

There are two questions involved: (1) Whether the corpus of the trusts may be lawfully included in the gross estate of the decedent under section 302 (d) and (h) of the Revenue Act of 1924, the determination of which involves the question whether the statute is in violation of the due process clause of the Fifth Amendment; and (2) whether the proceeds of the life insurance policies may be included in the gross estate of the decedent under section 302 (g) and (h).

■ The first question received conflicting answers in Brady v. Ham (C..C. A.) 45 F.(2d) 454, in the First circuit and Cover v. Burnet, 60 App. D. C. 303, 53 F.(2d) 915, in the Court of Appeals of the District of Columbia on the one hand, and in Porter v. Commissioner (C. C. A.) 60 F.(2d) 673, in the Second circuit on the other. In the Porter Case the settlor reserved the power to alter or modify the trust agreement at any time, but expressly excepted any change in favor of himself or his estate. The Circuit Court sustained the ruling of the Commissioner that section 302 (d) of the Revenue Act of 1926 (26 USCA § 1094), which is identical with the same section of the Revenue Act of 1924 (26 USCA § 1094 note), applied because of the reserved power to alter or modify, and that the corpus of the trusts should be included in the gross estate. Upon appeal, the Supreme Court, in 288 U. S. 436, 53 S. Ct. 451, 77 L..Ed. 880, affirmed the judgment of the Circuit Court of Appeals and upheld the constitutionality of the statute.

The first question in the case at bar is therefore ruled in favor of the Commissioner under the authority of the Porter Case supra.

■ As to the second question, the petitioners contend that section 302 (g) of the act of 1924 does not apply where the policies were taken out prior to 1918. It is their position that the section applies only to those instances where the policies were issued subsequent to

the passage of the Revenue Act of 1918 (40 Stat. 1097, § 402 (f), which was the first act providing for the inclusion of the proceeds of policies payable to specific beneficiaries in the gross estate. This court has construed an identical provision of the Revenue Act of 1918 in the case of Heiner v. Grandin, 44 F. (2d) 141. It was there held that the proceeds of life insurance policies, in which the insured reserved the right to change the beneficiary, constituted part of the gross estate of the decedent and were taxable, although the policies had been issued before the statute was passed. Upon reargument the ruling was sustained. (C. C. A.) 56 F.(2d) 1082. Certiorari was denied by the Supreme Court in 286 U. S. 561, 52 S. Ct. 643, 76 L. Ed. 1294.

In Levy's Estate v. Commissioner of Internal Revenue (C. C. A.) 65 F.(2d) 412, 414, a similar conclusion was reached by the Second circuit. The court said: "The inclusion in the gross estate of the proceeds of life insurance policies payable to beneficiaries other than the executors, where the decedent had reserved the right to change the beneficiary named in the policies, was upheld in Chase Nat. Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388. While in the Chase Case the policies were taken out after the passage of the Revenue Act of 1921, 42 Stat. 227, the statute under which the tax was imposed, the reasoning of the court was that the insured retained until his death the right to change the beneficiary, surrender, or borrow money on the policies, and other rights, so that the shifting of the economic benefits at his death furnished the occasion for the tax. It is immaterial when the policies were taken out so long as there was at decedent's death a freeing of the rights of the beneficiary from the possibility of the exercise of his retained rights by the insured. Heiner v. Grandin (C. C. A.) 44 F.(2d) 141, affirmed 56 F.(2d) 1082 (C. C. A. 2 [sic 3]), certiorari denied, 286 U. S. 561, 52 S. Ct. 643, 76 L. Ed. 1294."

Finding no error in the disposition of the questions involved, the decision of the Board of Tax Appeals is sustained, and the petition for review is dismissed.