## WITHERBEE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 263.

Circuit Court of Appeals, Second Circuit.

April 30, 1934.

Spotswood D. Bowers, of New York City (Frank C. Laughlin, Joseph Kirkpatrick, and Stewart W. Bowers, all of New York City; of counsel), for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Lispenard Stewart, of New York City, created three trusts on April 4, 1923. The petitioners are the duly qualified and acting trustees. One was for the benefit of Anita Braganca; one for the benefit of William R. Stewart; and the other for the benefit of Wm. Rhinelander Stewart, Jr. On March 30, 1923, he created a fourth trust for the benefit of Evelyn W. Miller and named the Fulton Trust Company as trustee. Broad powers of control and management of the property, in each instance consisting of securities, were given to the trustees, who were to pay the income to the beneficiaries during their lives in accordance with the terms stated by the settlor. Provision was made in each trust agreement for the disposition both of income accrued and of corpus in the event of the death of the primary beneficiaries. It has been stipulated that the trusts were not created in contemplation of the death of the settlor which occurred October 15, 1927. Petitioners Mary S. Witherbee and Spotswood D. Bowers are the surviving executors of his will.

None of the trust property was included in the estate of the settlor for purposes of taxation, and the question at issue on this appeal arose when the Commissioner redetermined the estate tax on the basis of its inclusion therein. In each trust agreement, the settlor reserved the right "to alter, amend or extend all or any of the terms and conditions" of the instrument as well as to

"cancel, annul and revoke the same," with the approval of any two of the trustees, or of the survivors or survivor of them, or of his or their successors or successor. The last-mentioned trust agreement was altered by the settlor in accordance with this reserved power, but the others were not.

The Commissioner acted under section 302 (d) of the Revenue Act of 1926 (26 USCA § 1094 (d). In so far as it is material, it reads:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, * * * except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * * *"

Subdivision (h) of the same section [26 USCA § 1094 (h)] provides that certain subdivisions including (d) "shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act [February 26, 1926]."

It is, therefore, at once apparent that, although these trusts were created before the 1926 act took effect, the law was intended by Congress to apply to them. Accordingly, both the Commissioner and the Board of Tax Appeals were right unless the law itself is invalid.

█ The first point which requires consideration is whether the settlor reserved any power which enabled him during his lifetime to take back the trust property. His power so to do was limited only by the necessity for the approval of two of the trustees. Whatever may serve to satisfy the requirements of duty on the part of trustees who accept appointment under a trust agreement in which such a power is reserved by the settlor, it is clear that such trustees are not bound to veto all alterations the settlor desires to make. Indeed, so far as general law is concerned, we are bound to hold that such trustees owe no duty to beneficiaries to resist

alteration or revocation of the trust by the settlor. Reinecke v. Smith, 289 U. S. 172, 53 S. Ct. 570, 77 L. Ed. 1109. The situation is unlike that in Reinecke v. Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397, where the power was subject to the approval of the beneficiaries themselves.

█ In Matter of Estate of Stewart, 138 Misc. 866, 248 N. Y. S. 171, affirmed 235 App. Div. 772, 255 N. Y. S. 970, it was held that this trust property was not taxable under the New York statute, and we are urged to treat that decision as controlling here since these trusts were created in New York. While Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, shows that state rules of property are not to be ignored in administering the federal tax on estates, it is obviously unsound to limit the power of Congress to tax in this field by the scope of a state statute dealing with the same subject-matter and the construction placed upon such a statute by the state courts. Though Reinecke v. Smith, supra, dealt with income tax provisions, we can perceive no reason why the principles there held to control do not apply with equal force to the estate tax here in issue. The economic benefit which resulted from the death of the settlor was the destruction of any possibility of change in the articles of trust. This right to bring about such a change endured until his death and furnishes the taxable connection between his estate and the trust property which justifies the imposition of this tax. Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565. The decisive thing is the right to change the economic benefit and not the right of the settlor to benefit himself or his estate by the change. Porter v. Commissioner, 288 U. S. 436, 53 S. Ct. 451, 77 L. Ed. 880. The privileges which flow from ownership and control bear upon the power to tax transfers at death the same as they do upon the power to tax income.

█ It is argued that the statute, being retroactive, is unconstitutional. We need not look further on this point than to the fact that the settlor lived until October 15, 1927, and had ample opportunity to relinquish his reserved powers after the law took effect had he preferred to rid his estate of the tax at the expense of the renunciation of his control of the property. As we pointed out in Porter v. Commissioner, 60 F.(2d) 673, there was then no gift tax which made the revocation a taxable transfer (see Burnet v. Guggenheim, 288 U. S. 280, 53 S. Ct. 369, 77

L. Ed. 748), and so the settlor was perfectly free to choose between taxation and its avoidance.

Affirmed.