COMMISSIONER OF INTERNAL REVENUE
v. CHASE NAT. BANK OF NEW YORK.

No. 238.

Circuit Court of Appeals, Second Circuit.

March 2, 1936.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

David H. Taylor, of New York City (Robert H. Montgomery, of Washington, D. C., Thomas G. Haight, of Jersey City, N. J., and James O. Wynn and Roswell Magill, both of New York City, of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The respondent is the ancillary administrator of the estate of Vivien Helen De La Poer Beresford, a resident of England, who died intestate on February 3, 1931, leaving three surviving children.

On December 14; 1920, the decedent created an irrevocable trust, of which the respondent is the successor trustee, covering her entire interest in the estate of her grandfather. The trust deed provided that after a loan made to her husband by her father had been paid, the decedent should receive the income during her life and thereafter the corpus, together with any undistributed income then remaining, should be paid to her lawful descendants in such proportions as she should in her last will appoint. It was also provided that if she made no appointment the trust property should be distributed among such descendants in equal shares per stirpes with alternative provisions for distribution in the event that she should die leaving no such descendants.

The Commissioner's action in including the value of the corpus of the trust in the gross estate of the decedent was reviewed by the Board of Tax Appeals. A majority of the Board having decided adversely to the Commissioner on this point, he has brought this petition for review.

The petitioner relies in support of his action upon subdivisions (c) and (d) of section 302 of the Revenue Act of 1926. They follow:

Revenue Act of 1926, c. 27, 44 Stat. 9, 70, 71:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished

any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth."

We think subdivision (d) authority for the inclusion of the trust corpus in the decedent's gross estate. Up to the time she died she had the power to alter the proportions in which her descendants should take the property in accordance with the original terms of the trust instrument. She could have limited any, or all but one, of them to a nominal amount and given all of real value to one or to such of them as she pleased. Her death eliminated the possibility of any such change in the provisions of the deed of trust and made it certain that her lawful descendants would take the property in equal shares per stirpes. The power she reserved was not to change the trust provisions in a trivial way, but went right to the heart of them and gave the decedent a substantial though qualified control over the trust property until her death. Such a power to alter or amend the substance of the transfer by trust brought it within the scope of the decision in Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880, and justified the inclusion of the property in the gross estate of the decedent. See Dort v. Helvering, 63 App.D.C. 98, 69 F.(2d) 836; Cook v. Commissioner (C. C.A.) 66 F.(2d) 995; Hoblitzelle v. United States (Ct.Cl.) 3 F.Supp. 331. The decedent, having the right to change the economic benefit, had the power to alter within section 302(d) of the 1926 Act even though she could not benefit herself in a pecuniary way by the change. Witherbee v. Commissioner (C.C.A.) 70 F.(2d) 696. She lived several years after the act took effect and she was on notice of its provisions, retaining the reserved powers when she might have given them up to rid her estate of this tax liability. So there has been no denial of rights under the Fifth Amendment. Porter v. Commissioner (C. C.A.) 60 F.(2d) 673; Witherbee v. Commissioner, supra. Compare, Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. ——. The distinction between this case and Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 68, 80 L. Ed. ——, and White v. Poor, 296 U.S. 98, 56 S.Ct. 66, 80 L.Ed. ——, lies in the fact that in neither of them was there any power to alter, amend, or revoke within the meaning of section 302(d).

As we find it necessary to hold that section 302(d) of the 1926 Act applies, it is unnecessary to consider the effect of section 302(c).

Reversed.