## MILLARD v. MALONEY.
### No. 7643.

Circuit Court of Appeals, Third Circuit.

June 6, 1941.

George W. C. McCarter, of Newark, N. J. (McCarter, English & Egner, of Newark, N. J., and Otto A. Hack, of New York City, on the brief), for appellant.

Michael H. Cardozo, 4th, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and James P. Garland, Sp. Assts. to Atty. Gen., and Charles M. Phillips, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before BIGGS, CLARK and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

Jay Gould II, the son of George J. Gould and the grandson of Jay Gould, upon October 19, 1922, executed a deed of trust wherein he conveyed to trustees his expectancy in his grandfather's estate and directed them to deliver his portion of the corpus of the trust fund created by his grandfather to his lawful descendants in such proportions as he should appoint in his last will and testament.[1] Jay Gould by

---

[1] The pertinent portion of the trust indenture is as follows:

"* * * to pay the net * * * income * * *, to the party of the first part [referring to decedent] during the term of his natural life, and upon his death to * * * deliver the principal of the Trust Fund, * * * to the lawful descendants of the party of the first part in such proportions as the party of the first part shall in and by his last will and testament appoint, and in case of

failure to make such testamentary appointment, then to such descendants absolutely in equal shares *per stirpes* and not *per capita*; or if there shall be no such descendants living at the time of the death of the party of the first part, to the person or persons named in his last will and testament, and failing such testamentary disposition, then to the person or persons and in the interests and proportions to whom and in which under the laws of the State of New York existing at the time

his will, dated December 24, 1885, had provided that his estate should be delivered to named trustees to be divided into six equal parts, one for each of his six children, to be held in trust for the purpose, inter alia, that the aliquot portion of each child should be delivered to his or her issue in such proportions as he or she should appoint by will.[2] George J. Gould died in May 1923 and thereupon the share of Jay Gould II became vested in his trustees. On June 29, 1934, Jay Gould II charged the principal of his portion of the trust fund with a life estate for the benefit of his wife, Ann Graham Gould. Jay Gould II died January 26, 1935.

The first question presented by the case at bar is whether or not the value of the trust estate of Jay Gould II received from his grandfather via his father in the manner that we have set forth was properly included by the Commissioner in the gross estate of Jay Gould II pursuant to the provisions of Section 302(d) of the Revenue Act of 1926, c. 27, 44 Stat. 9, as amended by Section 401 of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Int. Rev.Acts, page 229.

The appellant contends that the statute must be applied retroactively in order to include the corpus of the trust in the decedent's gross estate. We perceive no constitutional question. We think it is entirely clear that the trust res may be included in the grantor's gross estate without violating the due process clause of the Fifth Amendment for the grantor retained until the time of his death complete power to alter or amend the interest of any one of the beneficiaries. The trust indenture specifically provided that the grantor by an ambulatory instrument, a will, could cut off any of his legal descendants or modify their inheritance as he saw fit. In Helvering v. Hallock, 309 U.S. 106, 110, 60 S.Ct. 444, 447, 84 L.Ed. 604, 125 A.L.R. 1368, the Supreme Court stated that, "Whether the transfer made by the decedent in his lifetime is 'intended to take effect in possession or enjoyment at or after his death' by reason of that which he retained, is the crux of the problem."[3] The economic benefits of the trust res in the case at bar passed literally at the testator's death and in fact were not definite and certain within in the designated group of beneficiaries until the grantor's death. Even if a much narrower view be taken, it is entirely apparent that a right to modify, alter or amend the effect of the benefits of the trust res by the grantor existed until the time of the grantor's death.

The facts of the case at bar are almost similar to those of Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880, which was decided adversely to the taxpayer. In the Porter case the Supreme Court stated in its opinion that certiorari was granted because the decision of the Circuit Court of Appeals of the Second Circuit, 60 F.2d 673, was (288 U.S. at page 440, 53 S.Ct. at page 452, 77 L.Ed. 880) " * * * in conflict with that of the Circuit Court of Appeals for the First Circuit in Brady v. Ham, 45 F.2d 454, and that of the Court of Appeals of the District of Columbia in Cover v. Burnet, 60 App. D.C., 303, 53 F.2d 915." The appellant in the case at bar relies strongly upon the two cases last cited, but they have been

of the death of the party of the first part said Trust Fund would have been distributed had all thereof been personal property and had the party of the first part died possessed thereof and intestate and a resident of the State of New York. It is understood and agreed, however, anything herein contained to the contrary notwithstanding, that the party of the first part may, by will, charge the Trust Fund with the payment of the income of said fund or any part thereof to the use and for the benefit of the wife of the party of the first part during her life, or for any shorter period."

2 The pertinent portion of Jay Gould's will is as follows:

"3. To designate, hold and invest one other such share for each of my children, George J. Gould, Edwin Gould, Howard Gould, Frank Gould, Helen M. Gould and Anna Gould, and to collect and receive and pay or apply the rents, interest and income from the part or share so set apart for each child to his or her use during his or her life; and upon the death of any of said children, to pay, assign, transfer or convey the part or share so held in trust for him or her to his or her issue in such proportions and at such times as he or she shall appoint in and by his or her last will and testament; and in case of failure to make such testamentary appointment, then to such issue absolutely in the proportions provided in and by the statutes of this State in cases of intestacy."

3 See Paul's "Measure of Liability Under the Hallock Case". Tax Forum No. 50, p. 5.

overruled by the decision of the Supreme Court in Porter v. Commissioner. It should be noted also that the exact question involved there was before this court in Cook v. Commissioner, 3 Cir., 66 F.2d 995, and was decided against the taxpayer. See, also, the recent decision of this court in Re Tyler's Estate, 3 Cir., 109 F.2d 421, and compare the decision in Commissioner v. Kellogg, 3 Cir., 119 F.2d 54. When a power to revoke is reserved, even though it precludes in stated terms a subsequent alteration in favor of the grantor or his estate, the transfer of the economic benefits at the death of the grantor is taxable. By testamentary action Jay Gould II could have established within prescribed limits the estates of the ultimate beneficiaries in his property and have determined their shares. This is sufficient. We therefore entertain no doubt that the court below was correct in holding the principal of the trust to be includible in the gross estate of the grantor.

■ A second question is presented by the appeal at bar. The facts relating to it are as follows. We have already stated that Jay Gould, the decedent's grandfather, by his will divided his entire estate into six equal parts, one of which was to be held in trust for each of his children for life and upon the child's death the principal was to be paid to the issue of that child in such proportions as he or she might direct by will. The executors and trustees under the will of Jay Gould accounted for the handling of their trusts in the Supreme Court of the State of New York. Objections were filed to the account, the matter was referred to a referee and the referee filed an advisory opinion indicating that the executors and trustees of the estate of Jay Gould should be surcharged to the extent of upwards of $40,000,000. The litigation which was begun in 1916, got into the Court of Chancery of New Jersey and had many ramifications. All of this resulted in a compromise. A compromise judgment was entered in the Supreme Court of New York on May 31, 1927, whereby certain funds became payable to Jay Gould II and his executors or administrators for and during the lifetimes of certain members of the Gould family. These sums, payable annually, are substantially similar to an annuity, for the benefit of Jay Gould II payable during the lives of the members of the Gould family referred to or the life of the survivor of them. The Commissioner commuted the value of the payments to the decedent's estate under the New York compromise judgment and included this sum in the decedent's gross estate.

The appellant points out that there was no capital fund set aside out of which the payments were to be made or upon which they were to be charged. We cannot see that this makes any difference. George J. Gould along with the other children of Jay Gould had or thought they had a cause of action against the executors and trustees of their father's estate. This was a chose in action. An aliquot portion of it had belonged to George J. Gould. Settlement was consummated after the death of the latter. Jay Gould II received the annual payments during his life and since his death his executor has received them.

What Jay Gould II had here was an absolute right to receive certain payments for a period limited by the lives of others. It was not revocable as in Dimock v. Corwin, D.C., 19 F.Supp. 56, nor a joint annuity as in Chemical Bank & Trust Co., Executors, v. Commissioner of Internal Revenue, 37 B.T.A. 535, relied on by the appellant. The commuted value of the payments was properly included as part of the gross estate. Compare Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L. Ed. 1421.

The judgment of the court below is affirmed.