243 F.2d 454
 57-1 USTC P 11,685
 Charles S. BAILEY, Executor of the Will of Rose Bailey,
Plaintiff-Appellant,
v.
R. J. RATTERRE, Acting Director of Internal Revenue of the
United States of America, for the Northern
District of New York, Defendant-Appellee.
 No. 277, Docket 24456.
 United States Court of Appeals Second Circuit.
 Argued March 8, 1957.
Decided April 5, 1957.
 
 1
 Frederic C. Barns, Utica, N.Y., for plaintiff-appellant.
 
 
 2
 Charles K. Rice, Asst. Atty. Gen., Robert N. Anderson and Frederic G. Rita, Washington, D.C., Theodore F. Bowes, U.S. Atty., Syracuse, N.Y., for defendant-appellee.
 
 
 3
 Before MEDINA and WATERMAN, Circuit Judges, and GALSTON, District judge.
 
 
 4
 GALSTON, District Judge.
 
 
 5
 This is an appeal from a judgment of the District Court dismissing the complaint.
 
 
 6
 The action seeks to recover $10,549.61, with interest from August 8, 1950, upon the alleged over-payment of federal inheritance taxes in the estate of Rose Bailey.
 
 
 7
 It appears that on August 30, 1950 the plaintiff in his representative capacity as the executor of the decedent filed a United States estate tax return and paid a tax of $30,804.04. The return set forth a copy of a trust set up by Rose Bailey, dated February 10, 1931, but did not include the amount of said trust for tax purposes. On July 9, 1951 the Treasury Department re-assessed that return and included the trust found as taxable, and made an additional assessment of $15,704.75. Following a hearing before an assistant district commissioner, the re-assessment was reduced, and the deficiency set at $10,549.66, which was then paid with interest in the sum of $1,898.93.
 
 
 8
 Following the denial of the application for refund, this action was instituted.
 
 
 9
 The critical question for determination is whether the trust created by Rose Bailey for the benefit of her son was a distribution of her husband's estate in settlement of a claim of her son, if any, as an heir to that estate, or was a gift by the decedent of her own property, and thus taxable as part of her estate under section 811(c)(1)(B) and (d)(2), Internal Revenue Code, 1939, 26 U.S.C.A. § 811(c)(1)(B), (d)(2), because she retained the right to change the remainder beneficiaries. Judge Brennan found that the Rose Bailey trust was not a distribution to the decedent's son in compromise of a threat to contest his father's will. That is the critical finding in the case, for had there been a settlement of a will contest in the estate of Thomas Bailey, with a division of assets of that estate in contravention of the terms of the will, then the plaintiff here would prevail. The difficulty with the plaintiff's position though is that there is nothing substantially shown to enable that conclusion to be reached. At most, Charles S. Bailey evidenced dissatisfaction with the disposition of his father's estate. But the will was probated after there had been an execution by Charles S. Bailey of a waiver of citation. Letters testamentary were issued to Rose Bailey. It was subsequent to the probate of the will that the trust instrument in question, on February 10, 1931, was executed by Rose Bailey as an individual and referred to as the 'grantor.' Securities of the value of $50,000 were delivered to the Chase National Bank of the City of New York as trustee. Judge Brennan in a carefully written memorandum concluded that the securities belonged to the grantor, and were in no sense the property of Thomas Bailey. That is the crux of the case.
 
 
 10
 As for the rest, since Rose Bailey reserved the right to change the remainder beneficiaries, the corpus of the trust was properly included in her taxable estate, subject, however, to the provision in the trust instrument that no modification by the grantor could diminish the rights of Charles S. Bailey as set forth therein. It is not contended that the rights of Charles S. Bailey, in his individual capacity, have in any way been invaded by the tax which was levied by the Commissioner. Such part of the trust fund as was taxed by the Commissioner was so taxable under the provisions of Title 26, U.S.C.A., section 811(c) and (d). See Porter v. Commissioner of Internal Revenue, 288 U.s. 436, 53 S.Ct. 451, 77 L.Ed. 880; Commissioner of Internal Revenue v. Chase National Bank, 2 Cir., 82 F.2d 157; Chickering v. Commissioner, 1 Cir., 118 F.2d 254, 139 A.L.R. 508; and Guggenheim v. Helvering, 2 Cir., 117 F.2d 469.
 
 
 11
 The judgment of the District Court is affirmed.