Eleanora Lee **MARSHALL,** Executrix of the Estate of Mary Harris Lee, *Deceased, Plaintiff,*

v.

**UNITED STATES of America,** Defendant.

Civil No. 70–994.

United States District Court, D. Maryland.

Dec. 17, 1971.

D. Heyward Hamilton, William L. Balfour, Baltimore, Md., for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., David A. Wilson, Jr., John A. Flanagan, Attys., Dept. of Justice, Washington, D. C., George Beall, U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff, in her capacity as executrix of the estate of Mary Harris Lee, deceased, filed for a refund of Federal estate taxes in the amount of $38,577.62 plus statutory interest. Defendant has moved for summary judgment, following the filing of stipulated facts by the parties.

The operative facts reveal that the decedent, Mary Harris Lee, then Mary Kuhn Harris, on February 23, 1900, executed a Deed of Trust with the Pennsylvania Company for Insurances on Lives and Granting Annuities. The Deed of Trust provided, in part, that the decedent was to receive the "income, rents, issues, and profits" of the corpus of the trust for her natural life and that, upon her death, the trustee was to transfer the remainder of the trust to those persons designated by decedent in her last will and testament to receive said remainder. The trust instrument provided also for the disposition of the trust should there be no validly executed will. The decedent executed a will dated May 7, 1961, naming her two daughters, Eleanora Lee Marshall, the executrix and plaintiff, and Hamilton Lee Horsey, as the recipients of the trust property. Following the death of Mary Harris Lee on February 8, 1967, the plaintiff-executrix on May 8, 1968, filed the Federal estate tax returns for the decedent's estate with the District Director of Internal Revenue of Baltimore, Maryland, and included in the estate the corpus of the trust in issue. On May 14, 1968, plaintiff paid the net estate tax due in the amount of $85,727.-23; on March 19, 1969, she paid a deficiency in the estate tax in the amount

of $2,657.89; and on April 16, 1969, she paid the interest due thereon in the amount of $129.22. On August 5, 1969, plaintiff amended her Federal estate tax return by filing a revised Schedule H thereto, excluding the corpus of the trust, and filed with the District Director a claim for refund in the amount of $38,-577.62 with interest thereon from May 6, 1969. (Between the time plaintiff filed her claim for refund and the filing of the complaint in this case, more than six months had elapsed with the plaintiff receiving no notice of the disallowance of the claim and receiving no part of the refund requested.)

The plaintiff-executrix contends that the corpus of the trust created by the decedent is not includible in the decedent's gross estate, entitling plaintiff to a refund in the amount of $38,577.62 plus statutory interest. The defendant, United States of America, asserts that the corpus of the trust is includible in the decedent's gross estate pursuant to 26 U.S.C. § 2038 of the Internal Revenue Code of 1954, or, in the alternative, is includible pursuant to 26 U.S.C. § 2036 of the Internal Revenue Code of 1954.

The defendant, under Rule 56 of the Federal Rules of Civil Procedure, moved this Court to enter summary judgment for it against the plaintiff. The Court finds there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law.

Since this Court finds the corpus of the trust includible in the decedent's gross estate pursuant to Section 2038 of the Internal Revenue Code of 1954, it is unnecessary to determine whether the trust would likewise be includible under Section 2036.

Section 2038 of the Internal Revenue Code of 1954 provides in part that "the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer," for other than adequate and full consideration, where the decedent retained, at the date of death, the right to change the enjoyment thereof.

■ The essential elements of this section are a transfer by the decedent without consideration; a power enabling the decedent to change the enjoyment of the transferred property; and the existence of the power at the date of decedent's death. The parties have conceded that the decedent did, in fact, transfer property to a trust without consideration by the Deed of Trust executed on February 23, 1900, thereby meeting the first element of Section 2038.

■ The primary point of contention is whether the decedent at the date of her death, retained the right to change the enjoyment of the trust property, either by altering, amending, revoking or terminating the terms of the trust.

It is the defendant's position that retention by the settlor of a trust, at the date of his death, of the power to designate by will the persons entitled to receive the principal of a trust, or to alter by will the proportionate amounts of the trust such persons may receive, is a power to shift or change the economic benefit and enjoyment of the trust. This position finds substantial support in Adriance v. Higgins, 113 F.2d 1013 (2nd Cir. 1940) and Commissioner of Internal Revenue v. Chase National Bank of New York, 82 F.2d 157 (2nd Cir. 1936). In each of those cases the decedent-settlor created a trust providing that the income of the trust would be paid to him during his lifetime with the remainder paid to those persons designated by decedent in his last will and testament. Provision was made for disposition of the trust should there be no properly executed will. In both cases, the court held that the corpus of the trust was includible in the decedent's gross estate, equating the power to designate by will which persons would take and the proportions they would receive, with the power to alter or amend pursuant to Section 302(d) of the Revenue Act of 1926 (the precursor of 26 U.S.C. § 2038). In further support of its proposi-

tion, defendant also relies upon Holderness v. Commissioner of Internal Revenue, 86 F.2d 137 (4th Cir. 1936). Though *Holderness* is distinguishable from the case at bar by the fact that disposition of the trust was contained in the trust agreement itself rather than in a will, it does establish the principle that the reserved power to change the proportions of the corpus that pass to designated beneficiaries is the equivalent of the power to alter or amend pursuant to the present Section 2038.

Plaintiff asserts that the corpus of the trust should not be included in the decedent's gross estate because the trust was irrevocable and because the decedent did not explicitly reserve to herself the power to alter or amend the disposition of the trust. The fact that the trust is irrevocable is not dispositive in this case. Section 2038 is worded disjunctively, i. e. "to alter, amend, revoke, or terminate." Therefore, even though the trust is irrevocable, it can be included in the decedent's gross estate pursuant to § 2038 as long as it can be altered or amended at the date of decedent's death. Commissioner of Internal Revenue v. Chase National Bank of New York, *supra*, and Holderness v. Commissioner of Internal Revenue, *supra*.

Plaintiff's contention that the decedent did not expressly reserve in the trust instrument the power to alter or amend is contrary to the language of the Deed of Trust which provides in part that:

> . . . upon the death of the said Mary Kuhn Harris, then to pay, assign, transfer and set over the estate and property hereby granted and all accumulations thereof to such person or persons and for such uses, trusts and estates, as she by any last Will or Writing in the nature thereof may direct, limit and appoint. . . .

This wording clearly empowered the decedent to designate by will which persons would be beneficiaries of the trust, the amounts they would receive, and, by simply revoking a prior will and executing a new one, to alter the beneficiaries or the amounts they would receive.

■ Where the settlor of a trust has retained the power to designate by will the persons entitled to receive the corpus of the trust or to alter by will the beneficiaries or the proportionate amounts they may receive, the settlor has in fact retained the power to "alter" or "amend" the economic benefit and enjoyment of the trust, thereby making the corpus includible in the decedent-settlor's gross estate pursuant to § 2038.

Finally, in order for property to be includible in the decedent's gross estate under § 2038, the power enabling decedent to change the enjoyment of the trust property must have existed at the date of decedent's death. Since the decedent had the express power exercisable by will to alter the beneficiaries of the trust and the proportions each would inherit, the enjoyment of the property was, in fact, subject to change at the date of the decedent's death. Adriance v. Higgins, *supra*; Holderness v. Commissioner of Internal Revenue, *supra*; and Commissioner of Internal Revenue v. Chase National Bank of New York, *supra*.

This Court concludes that the corpus of the trust created by the decedent Mary Harris Lee on February 23, 1900, was property transferred without consideration and subject to a power to alter or amend the enjoyment of the transferred property at the date of decedent's death.

The defendant's motion for summary judgment is hereby granted.