COMMONWEALTH TRUST CO. OF PITTS-
BURGH et al. v. DRISCOLL, and as
former Collector of Internal Revenue.

No. 1893.

District Court, W. D. Pennsylvania.
Jan. 28, 1943.

Wm. Wallace Booth and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for plaintiffs.

Chas. F. Uhl, U. S. Atty., of Pittsburgh, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Jos. W. Burns, both of Washington, D.C., for defendant.

SCHOONMAKER, District Judge.

This is an action by plaintiffs, as executors of the estate of John W. Herron, deceased, for the recovery of alleged overpayment of Federal estate taxes, in the sum of $13,575.73, being $11,910.49 and $1,665.-24 interest, making a total of $13,575.73.

The basis of this complaint is: (1) That there was erroneously included in the gross estate, interim income in the sum of $13,-392.27, which is not taxable; (2) that there was erroneously included in the estate subject to tax, two parcels of real estate valued at $43,772, which had been conveyed to decedent's wife prior to his death; (3) that the Government failed to allow full credit for the gross amount of inheritance tax assessed against decedent's estate by the Commonwealth of Pennsylvania in the sum of $16,592.02, the estate having received a discount of $600 under the Pennsylvania law.

The Government admits that the interim income of $13,392.27 was erroneously included, on the authority of Maass v. Higgins, 312 U.S. 443, 61 S.Ct. 631, 85 L.Ed. 940, 132 A.L.R. 1035, but denies that the real estate which decedent caused to be conveyed to his wife was erroneously included in the value of decedent's estate. The Government also denies that the plaintiffs would be entitled to credit of the full amount of the Pennsylvania inheritance tax rather than the amount actually paid. The Government asserts that even though the value of this real estate were erroneously included in the estate subject to tax, and the plaintiffs were entitled to credit for the full amount of the Pennsylvania inheritance tax, there could be no recovery by plaintiffs, because the amount of tax attributable to these items is more than counterbalanced by the failure of plaintiffs to include in the estate subject to tax, the value of a trust estate conveyed by the decedent on November 18, 1922, to the Commonwealth Trust Company as trustee for the benefit of his daughters; that while the Government cannot now collect an assessment on account of this trust estate by reason of the lapse of the statute of limitations, the amount of the tax attributable thereto still is available to the Government as an offset to any valid claims for refund made in the instant case. See Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293.

We first consider plaintiffs' claim for refund, based on the inclusion in decedent's taxable estate of the family homestead and garage which had been conveyed by decedent to his wife. The title to the homestead property originally stood in the name of the decedent until April 14, 1924, when he caused the title thereof to be conveyed to himself and his wife as tenants by entirety. Title to the garage property originally stood in the name of the decedent until June 17, 1932, when he caused title thereof to be transferred to himself and his wife as tenants by entirety. Then, on June 20, 1932, the decedent caused these two properties to be transferred from himself and wife as tenants by entirety to his wife alone, so that these two properties thereupon vested in the wife.

Herron was born December 1, 1851, and at the time of the transfer of these two properties to his wife, he was eighty and one-half years of age. After that transfer he lived until February 13, 1937, which was five years after the date of transfer. His last will and testament was executed on March 27, 1933, which was about nine months after the date of the transfers of these properties to his wife.

It is the contention of the Government that these two properties should be included in the gross estate of decedent, subject to tax under Section 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 227, as properties transferred in contemplation of death. There is no evidence as to

the reason these transfers were made to the decedent's wife.

The plaintiff contends there is no evidence from which we could find that these properties were transferred in contemplation of death, because the decedent at the time was in good health and active in business affairs. He had been president of the Commonwealth Trust Company of Pittsburgh from 1902 to 1927, when he became chairman of the Board of that bank, which office he retained until his death. After he became chairman of the board, until his last illness, he maintained an office in the bank, going to his office almost daily. He was in constant contact with the officers of the bank, discussing with them its different activities. He was a member of the finance committee, attending meetings of the board and the finance committee with about the same average attendance as the other members. During the year 1936, the year before his death, he attended fifty-two out of the ninety-five meetings of the board. In December, 1936, two months before his death, he attended five meetings of the board. During the last four years of his life, he never spoke or complained of illness, was mentally and physically active. He was the active trustee of the Mary E. Schenley Estate, was a stockholder and director of two real estate companies. At no time did he discuss with business associates or relatives, so far as the evidence in this case shows, the reason or motive for making the transfer of this real estate from himself and his wife as tenants by entirety to his wife alone.

■ We cannot see that these facts prove that these particular properties were not transferred in contemplation of death. We can see no reason for the transfer of title from decedent and his wife as tenants by entirety, unless it be to escape the payment of estate taxes thereon. Under the Federal estate tax law, property held by a husband and wife as tenants by entirety is subject to estate taxes in the case of the death of one of them, to the extent of the contribution of the decedent in the acquiring of the properties. In the instant case, the decedent furnished the total purchase price of the properties.

The plaintiff argues that it can be properly inferred in this case that the transfer was made to the wife in order to carry out a family tradition in decedent's family that the title to the family homestead should be in the wife. We cannot agree with this contention. And against it we find that the title to the family homestead remained for many years in the decedent alone; that he caused the homestead property to be conveyed to himself and his wife, as tenants by entirety, on April 14, 1924; that the garage property stood in the name of the decedent from February 26, 1901, the date of its purchase, until June 17, 1932, when he caused it to be transferred to himself and wife as tenants by entirety. Then, on June 20, 1932, he transferred both the homestead and the garage properties from himself and his wife, as tenants by entirety, to his wife alone.

■ On these facts, we can draw no other conclusion than that the transfer was made with intention that these properties should not be liable for Federal estate tax. If that is so, naturally the transfer must have been made in contemplation of death. This must have been the controlling motive that brought about the transfer of these properties to his wife alone.

This view is supported by United States v. Wells, 283 U.S. 102, on page 117, 51 S.Ct. 446, on page 451, 75 L.Ed. 867, Mr. Chief Justice Hughes saying: "As the test, despite varying circumstances, is always to be found in motive, it cannot be said that the determinative motive is lacking merely because of the absence of a consciousness that death is imminent. It is contemplation of death, not necessarily contemplation of imminent death, to which the statute refers. It is conceivable that the idea of death may possess the mind so as to furnish a controlling motive for the disposition of property, although death is not thought to be close at hand. Old age may give premonitions and promptings independent of mortal disease. Yet age in itself cannot be regarded as furnishing a decisive test, for sound health and purposes associated with life, rather than with death, may motivate the transfer. The words 'in contemplation of death' mean that the thought of death is the impelling cause of the transfer, and while the belief in the imminence of death may afford convincing evidence, the statute is not to be limited, and its purpose thwarted, by a rule of construction which in place of contemplation of death makes the final criterion to be an apprehension that death is 'near at hand.' " See also Updike v. Commissioner, 8 Cir., 88 F.2d 807; (certiorari denied, 301 U.S. 708, 57 S.Ct. 942, 81 L.Ed. 1362).

In the instant case, the findings of the Commissioner thereon, both when making the original assessment, and also when rejecting plaintiffs' claim for refund, have the presumption of correctness; and plaintiffs have the burden of proving them erroneous. See Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991; Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; Niles-Bement-Pond Co. v. United States, 281 U.S. 357, 361, 50 S.Ct. 251, 74 L.Ed. 901. That burden the plaintiff has failed to sustain.

As to the correct amount to which plaintiffs are entitled to credit on account of Pennsylvania inheritance tax, it is our opinion that credit should be given only for the exact amount of tax actually paid, and not for the full amount of the assessment. See Sec. 301(b) Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 226; Smith v. Commissioner, 7 Cir., 59 F.2d 533.

The defendant contends further that even if the plaintiff were entitled to recover on the claims set forth, his claims thereunder would be more than counterbalanced by the fact that by a trust estate created by decedent on November 18, 1922, he transferred certain securities to a trustee to collect the income therefrom and distribute it to his two daughters during their natural lives; that this trust estate should have been included in the tax assessment against the decedent's estate under the provisions of Section 302(d) of the Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev.Acts page 229, by reason of the fact that the decedent in the trust deposited with the trustee certain securities— the income to be dealt out according to the provisions of the trust, and the decedent, as settlor, under the terms of the trust having the right to make any substitutions of securities from time to time, as he deemed advisable. It is contended that this reservation constituted a reservation of a right to alter, amend or revoke the trust instrument within the purview of the Revenue Act of 1926, as amended.

Our view is that the retention by the settlor of this estate of the right to substitute other securities in place of those mentioned in the original trust instrument, is such a reservation that made the corpus of this trust taxable under Section 302(d) of this Revenue Act. The plaintiff urges that the provision contemplates a substitution of securities having equal or equivalent values of those withdrawn from the trust fund. But we find no words in the trust instrument which would justify such a contention, because the instrument itself states that the settlor reserved the right to make any substitution.

We are therefore of the opinion that the value of this trust estate was properly includable in the estate subject to tax, and that the amount of tax to which this trust estate would be subject to, would be a proper offset against the claim of the plaintiff in suit.

This view finds support in Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880; Commissioner v. Chase National Bank, 2 Cir., 82 F.2d 157; Millard v. Maloney, 3 Cir., 121 F.2d 257; Adriance v. Higgins, 2 Cir., 113 F.2d 1013; Witherbee v. Commissioner, 2 Cir., 70 F.2d 696; Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. 62.

Findings of fact, conclusions of law, and decree in accordance with this opinion, may be substituted.