T.C. Memo. 1996-373


UNITED STATES TAX COURT


ESTATE OF ANNE F. GRECO, DECEASED,
FREDERICK D. GRECO, CO-ADMINISTRATOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20683-94.                      Filed August 13, 1996.


Frederick D. Greco (coadministrator), for petitioner.

<u>Diane D. Helfgott</u>, for respondent.


MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  By notice of deficiency dated August 15, 1994, respondent determined a deficiency in the estate tax of the Estate of Anne F. Greco, deceased, in the amount of $24,276.53. By stipulation of the parties, the case was submitted under Rule 122.

All statutory references are to the Internal Revenue Code in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. After the settlement of other issues, there remains for decision:

(1) Whether a gift in 1986 of an interest in real property held by decedent as a tenant by the entireties with her spouse was an "adjusted taxable gift" for purposes of computing the estate tax of the decedent. We hold that it is.

(2) Whether there should be allowed additional annual donee exclusions under section 2503(b), above those allowed by respondent, in respect of four donated remainder interests. We hold that no additional exclusions are available for such interests.

Petitioner is the Estate of Anne F. Greco (decedent), who died on January 14, 1991. At the time of her death, decedent resided in Falls Church, Virginia. Edward F. Greco (Edward F.) and Frederick D. Greco (Frederick), her two sons, were appointed coadministrators of her estate. The principal office of the estate was located in McLean, Virginia, when the petition was filed. Petitioner timely filed a Federal estate tax return on September 13, 1991. Respondent issued a notice of deficiency to the estate on August 15, 1994. Frederick filed a petition with this Court on behalf of the estate on November 10, 1994.

Decedent was married to Edward Greco (Edward or decedent's spouse) sometime before 1974.  They had two sons, Edward F. and Frederick, prior to Edward's death on June 19, 1989.

On January 27, 1974, Fleetwood Corp., owned by Edward, Edward F., and Frederick, transferred certain real property located at 1300 Old Chain Ridge Road, McLean, Virginia (real property), to Edward, Edward F., and Frederick, each of whom received a one-third interest as tenant in common.  By deed dated April 18, 1974, Edward, Edward F., and Frederick established tenancies by the entireties as between each of them and their respective wives, retaining the tenancy in common as between each couple.  The wives of each of the three owners joined in the deed as transferors to convey their dower interests.

Decedent had four grandchildren by her two sons.  On October 31, 1986, Edward and decedent transferred their one-third interest in the real property to Edward F. and Frederick for life, with the remainder interest to the four grandchildren (designated by name in the deed).  On April 15, 1987, Edward and decedent each filed a gift tax return reporting the transfer.  On those returns they elected to treat each gift made to their children (and grandchildren) as having been made one-half by each of them, pursuant to section 2513, or a value of $71,372.50 by each, before exemptions.  Respondent apparently agrees with this valuation.  No gift tax liability then resulted from the transfers.

Edward died on June 19, 1989, less than 3 years after the transfer on October 31, 1986. The estate tax return for his estate reported adjusted taxable gifts of $51,372.50, which is $71,372.50 less two $10,000 exclusions pursuant to section 2503(b), representing the life estates created in Edward F. and Frederick.

Petitioner did not include the gift of real property made by decedent on October 31, 1986, as an adjusted taxable gift on decedent's estate tax return. In the notice of deficiency, respondent determined that the estate must include $51,372.50 as adjusted taxable gifts, and that there were no further exclusions available for the grandchildren, as those interests were merely future interests.

A tax is imposed upon the transfer of the taxable estate of a decedent who is a citizen or resident of the United States. Sec. 2001(a). The tax is computed first by determining a tentative tax on the sum of the taxable estate and the adjusted taxable gifts, and then reducing that tentative tax by the amount of gift tax that would have been payable on those gifts, using the rates in effect at the decedent's death. Sec. 2001(b). The term "adjusted taxable gifts" for purposes of this subsection means all taxable gifts made by decedent after December 31, 1976, other than gifts that are includable in the gross estate of decedent. Taxable gifts are the total amount of gifts made during the calendar year, less any available deductions or

exclusions.  Sec. 2503.  Thus, lifetime gifts that do not give rise to gift taxes at the time of the gift may increase the net tax due from the estate of the donor by virtue of their being included in the "adjusted taxable gifts" of the estate for purposes of computing the estate tax.  The first $10,000 of a gift or gifts made to a donee in a calendar year shall not be included in the total amount of gifts made during the year, but gifts of future interests in property do not qualify for the exclusion.  Sec. 2503(b).

Under section 2001(e), if a decedent's spouse was the donor of any gift, one-half of which was considered under section 2513 as made by decedent, and the whole amount of such gift is includable in the gross estate of the decedent's spouse by reason of section 2035, then such gift shall not be included in the adjusted taxable gifts of decedent.  Generally the gross estate includes any transfers of property made by a decedent within the 3-year period ending on the date of death, section 2035(a), but that rule has been substantially narrowed for decedents dying after 1981.  The general rule now does not apply to such decedents unless within the 3-year period the decedent made a transfer of an interest in property that is includable in the estate under section 2036, 2037, 2038, or 2042, or would be included under those sections had the interest been retained by decedent.  Sec. 2035(d).  In the case at bar, no part of the gift made in 1986 of the interest in real property owned by decedent's

spouse as a tenant by the entireties with decedent was included in the gross estate of decedent's spouse by virtue of section 2035; rather, that estate included the value of decedent's spouse's one-half of the split gift as an adjusted taxable gift made during the lifetime of decedent's spouse under section 2001(b).

Under section 2040, property held at death by two spouses as tenants by the entireties is subject to estate taxation upon death of one, to the extent of one-half the value. Sec. 2040(b). Petitioner argues that because decedent received the property (as tenant by the entireties) from decedent's spouse in 1974 for no consideration from decedent, upon the death of decedent's spouse, the full amount of the value of the property should have been included in decedent's spouse's estate pursuant to section 2040.

Section 2040 applies only to property held by a decedent and another person at the time of death. Glaser v. United States, 306 F.2d 57 (7th Cir. 1962). In the case at bar, decedent's spouse did not have an interest in the real property at the time of his death because decedent and decedent's spouse, as tenants by the entireties, gifted away their interest in 1986 to Edward F. and Frederick, as life tenants, with the remainder to the donors' grandchildren. Petitioner asserts on brief that the whole interest held by decedent and decedent's spouse should have been included in the estate of decedent's spouse. Where a gift is made within 3 years of death, and comes back into the estate

by virtue of section 2035(a), it will be treated as having been held by decedent at the time of his death. Commonwealth Trust Co. v. Driscoll, 50 F. Supp. 949 (W.D. Pa. 1943), affd. 137 F.2d 653 (3d Cir. 1943). Nevertheless, as pointed out earlier, the application of section 2035 has been substantially narrowed for decedents dying after 1981. Under the facts of this case, the transfer in 1986 by decedent's spouse was not of an interest in property that would have been includable in his gross estate under section 2036, 2037, 2038, or 2042 if he had retained it until his death. Thus the transfer, though made within the 3-year period, was not includable in his estate under section 2035. See section 2035(d).

The remaining contentions of petitioner are without merit. Petitioner argues that when Edward in 1974 conveyed an interest in the property to decedent without consideration, he retained a life estate within the reach of section 2036, which at his death required the full value of the interest to be included in the estate of decedent's spouse. Section 2036 provides generally that the gross estate shall include the value of any interest of which the decedent has made a transfer and retained a life estate. As best this Court can discern, petitioner is arguing that when decedent's spouse created the tenancy by the entirety in favor of decedent, since he retained an undivided interest in the whole, such undivided interest in the whole is therefore a life estate. This is simply a rehash of petitioner's argument

under section 2040. The conveyance to decedent's spouse and decedent in 1974 was to place title in decedent and her spouse by the entireties; each one of them thereafter owned the property, per tout et non per my, under the amiable fiction of the common law that husband and wife are one; each one owned the entire interest in the property, not just a life estate; and had either of them died while the tenancy continued, the survivor would have become the sole owner. Alexander v. Alexander, 154 Or. 317, 58 P.2d 1265 (1936); Heffner v. White, 113 Ind. Ct. App. 296, 45 N.E.2d 342 (1942).

Petitioner next argues that the value of the whole estate should have been included in the estate of decedent's spouse, pursuant to section 2035, because the transfer was made within 3 years of decedent's death. As was discussed earlier, the tenancy by the entireties was created in 1974; the gift to decedent's children was in 1986; and the latter gift was not includable in the gross estate of decedent's spouse under section 2035. See section 2035(d).

Petitioner finally argues that pursuant to Virginia law, the gift of the remainder to the four grandchildren qualified for a $10,000 exemption each under section 2503(b) because the rights in the grandchildren were vested, albeit subject to divestment.

> as we have often had occasion to point out, the revenue laws are to be construed in the light of their general purpose to establish a nationwide scheme of taxation uniform in its application. Hence their provisions are not to be taken as subject to state control or

limitation unless the language or necessary implication
of the section involved makes its application dependent
on state law.  [United States v. Pelzer, 312 U.S. 399,
402-403 (1941) (refusing to apply Alabama law to
determine whether an interest was a future interest for
purposes of section 504(b), the predecessor to section
2035(b))].

Thus, we do not need to apply Virginia law to ascertain what precise future interest was held by the grandchildren.  The annual per donee exclusion is not available for future interests.  Sec. 2503(b).  A future interest is any interest or estate, vested or contingent, limited to commence in possession or enjoyment at a future date.  United States v. Pelzer, supra.  Accordingly, no annual exclusions are available for the future interests in the grandchildren.

We conclude, for these reasons, that the lifetime gift made by decedent in 1986, with a value of $51,372.50 ($71,372.50 less $20,000 for exclusions pursuant to section 2503(b)), shall be treated as an adjusted taxable gift for purposes of section 2001(b).

Decision will be entered

under Rule 155.