## BROWN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8045.

Circuit Court of Appeals, Third Circuit.
Argued Oct. 20, 1942.
Decided Nov. 20, 1942.

S. Leo Ruslander, of Pittsburgh, Pa. (Samuel Kaufman and Julian H. Ruslander, both of Pittsburgh, on the brief), for petitioner.

Carlton Fox, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This case has previously been before this Court and is reported in 1941, 122 F.2d 800. In the former opinion we agreed with the Board of Tax Appeals that the income of the trust was not taxable to the taxpayer under §§ 166 and 167 of the Revenue Act of 1934.[1] The majority of the Court disagreed with the Board in the latter's conclusion that the Commissioner had failed to make out a case under § 22(a) of the

---

[1] 26 U.S.C.A. Int.Rev.Acts page 727.

same Act.[2] We sent the case back, however, to permit the introduction of evidence, if the parties desired, on the question of the applicability of § 22(a) since that point was not before the Board at the original hearing. At the second hearing there was further evidence from the taxpayer and the Board has concluded, following the mandate of this Court, that the taxpayer is subject to the tax asserted by the Commissioner.

The trust in question was created in 1927 by Antoinette K. Brown, petitioner herein. The purpose of the trust was not to effect a saving in income taxes. The term was for the life of the settlor. Upon termination of the trust the corpus was to go to her estate. The settlor retained the power to modify the trust: 1. She could increase the principal. 2. She could change both the beneficiaries and the proportion of the income payable to any beneficiary except that such changes could not be for the benefit or use of the settlor. 3. She could (and did) substitute trustees. 4. Similar powers of modification were retained as to the disposition of the corpus upon the settlor's death as were retained with respect to income during her lifetime.

The basis for holding the settlor liable for trust income under § 22(a) is continued ownership of the trust property after the creation of the trust. Our guiding precedents begin with Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, and Helvering v. Horst, 1940, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655, and end with Helvering v. Stuart, Nov. 16, 1942, 63 S.Ct. 140, 87 L.Ed. —. The factors are not the niceties of title but the controls retained by the settlor. Helvering v. Clifford, supra; Helvering v. Horst, supra; Helvering v. Eubank, 1940, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Harrison v. Schaffner, 1941, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Commissioner of Internal Revenue v. Buck, 2 Cir., 1941, 120 F.2d 775; Whiteley v. Commissioner of Internal Revenue, 3 Cir., 1941, 120 F.2d 782, certiorari denied 1941, 314 U.S. 657, 62 S.Ct. 110, 86 L.Ed. 527. See Annotation, 1941, 132 A.L.R. 844.

The facts of the cases vary, of course, with the terms of each trust which has been drawn up in view of the settlor's individual situation. We do not have in this case the combination of the short term trust limited to the family group which was presented in Helvering v. Clifford, supra. But we do have here that power to dispose of income which was said in the Horst case to be the equivalent of ownership. The taxpayer could substitute the trustees at pleasure. The Commissioner's argument asserts, though the taxpayer denies, that she could name herself trustee if she cared to do so. We do not see why she could not; in any event, she certainly could name anyone else she chose to pick out. The original beneficiaries were a retired servant and an elderly woman friend. The settlor could extend the benefit of the income of the trust to anyone she pleased so long as she did not bring it back to herself. As a matter of fact, she has later substituted her husband as beneficiary. She has the same control of the corpus at her death. We think that a settlor who is a person of means and who can control the spending of a fund, which she has set up, in every respect except spending it for herself is sufficiently the "owner" of the fund to make its income taxable to her under § 22(a). The case, upon its facts, is not unlike that of Commissioner of Internal Revenue v. Buck, supra, which we believe to have been correctly decided.

A further argument advanced by the taxpayer is that the question of ownership is a question of fact which was determined in the taxpayer's favor at the first hearing by the Board of Tax Appeals. It is, therefore, binding upon us if supported by substantial evidence since the result of the second hearing before the Board was obviously the result of this Court's mandate. This argument finds support in Commissioner of Internal Revenue v. Armour, 7 Cir., 1942, 125 F.2d 467, and Commissioner of Internal Revenue v. Goulder, 6 Cir., 1941, 123 F.2d 686. It stems from certain language in the opinion of the Supreme Court in Helvering v. Clifford which was thoroughly examined and discussed by the Second Circuit in Commissioner of Internal Revenue v. Berolzheimer, 1940, 116 F.2d 628. We agree with that decision. Ownership, while based on facts is, we think, a legal concept. If a man has a sufficient number of the rights, powers, privileges and immunities with respect to a thing he is, in

---

[2] 26 U.S.C.A. Int.Rev.Acts page 669.

law, regarded as the owner of it. The number of units in the bundle which makes him an owner for the purpose of property law does not necessarily control the question whether a different number of units makes him the owner with respect to liability for taxation, as the authorities cited above establish. Whether the settlor of a trust retains a sufficient number to make him liable for the income of the trust as its "owner" we think is a conclusion of law for which this Court, in reviewing the decision of the Board of Tax Appeals, must take the responsibility. In this case the settlor did retain sufficient of the rights of ownership to make her liable for the tax in question.

The decision of the Board of Tax Appeals is affirmed.