## HAWKINS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11329.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1945.

McCORD, Circuit Judge, dissenting.

———◆———

Theodore B. Benson, of Washington, D. C., for petitioner.

Carlton Fox, Sewall Key, Helen R. Carloss, and Melva M. Graney, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

For the calendar years 1938 and 1939 the income of property held in trust by Citizens and Southern National Bank was assessed to Frank Hawkins, the settlor of the trust, as his income, and the assessment upheld by the Tax Court. The facts are stipulated but include nothing throwing light on the question to be decided beyond the trust instrument itself. It was executed by Hawkins to the Bank July 23, 1932, and the trust formally accepted by the Bank. Designated securities were conveyed on uses and trusts thus summarized: To care for, manage and control, invest and reinvest the property and dispose of the income for a period of twenty years; during the first ten years the income to be added to the principal and reinvested, but during the second ten years the income to be distributed monthly if practicable equally to three named persons, or on the death of any of them to their issue per stirpes; at the end of twenty years all the principal to be similarly divided in fee simple. The trustee was given very broad powers of management, under no control by the settlor. The contention that the income of the trust is taxable to the settlor rests wholly on these words in the next to last paragraph of the instrument:

"7. The settlor has been fully informed and advised as to the distinction between revocable and irrevocable trusts and as to the settlor's rights in regard thereto, and after due consideration has decided by his own act that the trust created by this instrument shall be irrevocable insofar as the vestment of title in the beneficiaries is concerned, but the settlor does specifically reserve for himself the sole election and right to modify or alter the within agreement by amendment executed by the parties hereto wherein he may alter or modify the provisions of distributions as herein set forth to the beneficiaries."

The right to modify by amendment thus reserved contemplates a formal writing

made by the settlor and accepted by the trustee as was the trust instrument. The law of Georgia requires: "All express trusts shall be created or declared in writing." Georgia Code, Sect. 108-105. The settlor and the trustee are the "parties hereto" named in the instrument as such, and the "beneficiaries" have no part in or control over such amendment. We agree with the Tax Court that the settlor's right of amendment does not extend to revest any of the principal or income in himself, but does enable him to alter or modify the provisions of distributions, so that he might change not only the times of distribution, but the equality of the shares of the beneficiaries. The settlor intended to divest himself of all title irrevocably, and to vest the equitable use in the named beneficiaries, but subject to his power to change the provisions for the distribution to them.

The trust instrument and stipulated facts do not show what relationship existed between the settlor and the beneficiaries, but the Tax Court assumes and the argument here does not dispute that they were his grandchildren. Whether they were minors, whether they lived with the settlor or were in anywise dependent on him does not appear. Does this reserved power warrant the Tax Court in adjudging the income of these securities thus held in trust in 1938 and 1939 by this Bank to be the income of the settlor?

The applicable law is the Revenue Act of 1938, 52 Stat. 452. In Title I, Subtitle B, Sections 11 and 12, 26 U.S.C.A. Int.Rev. Acts, page 1002 et seq., it imposes a normal tax and a surtax on individuals, and Section 22, 26 U.S.C.A. Int.Rev.Acts page 1008, defines gross income very broadly as including salaries, wages, gains from business or from dealings in property, interest, rent, dividends, and gains or profit or income derived from any source whatever. It is of course to be understood that any such income can be taxed against an individual only if it is his income. Subtitle C, Supplement E, deals with Estates and Trusts, and Section 161(a), 26 U.S.C.A. Int.Rev.Acts, p. 1080, says: "The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—(1) * * * Income accumulated or held for future distribution under the terms of the will or trust." The income here in question was being so accumulated in 1938 and 1939. Section 161(b) provides that "The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 * * * and section 167." These latter sections provide that the income of the trust shall be included in the income of the grantor where the grantor has power to revoke the trust as to any part of the corpus or where any part of the income of the trust may be held or accumulated for distribution to the grantor, or may be distributed to the grantor, or applied to pay insurance premiums on the life of the grantor. The statute makes no other exceptions. Courts may not invent them. Since here the grantor has no power to revoke the trust as to any part of the corpus or cause any of the income to be accumulated for him or distributed to him or applied to insurance on his life, as set forth in Sections 166 and 167, 26 U.S.C.A. Int.Rev.Acts, page 1083, the net income is not to be taxed to him as his, but the tax is to be computed on the net income of the trust and taxed to the fiduciary, by the express words of Section 161(b).

We recognize that a trust for relatives can be so contrived, especially when the settlor makes himself the trustee, as to be a mere family arrangement to divide the income in order to reduce surtaxes, the settlor retaining such control and benefits as to leave him still the substantial owner. Such was the case of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, where the settlor, a husband, settled property for five years on his wife whom he was bound to support, making himself the trustee with the same control that he as owner previously had. It was held there was no real trust, but only a subterfuge, and the income remained his. There is no such case here. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655, did not involve a trust at all or a construction of the statutory provisions relating to the taxation of income from property held in trust. Most nearly in point of the decisions of the Supreme Court is Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154. There in two sets of trusts the trustees were in each the settlor, his wife and brother; and the beneficiaries were the respective donors' children, in one set of trusts they being adults, and in the other minors. There was no power of revocation in the donor and he was to have no part of the income or corpus, but a right of control was

reserved whereby the trustees could be directed by him to sell and reinvest, or the donor could himself take back property on delivering other of equal market value; and a right was given the donor's wife and brother to amend the trust and change the beneficiary or the times of distribution. The Supreme Court held that these powers of control and to change the beneficiary did not nullify the trust for tax purposes, nor authorize the donor to be made a beneficiary himself (under the State law), so that Section 166 did not apply. The income of the trusts for the adult children therefore could not be included in the donor's income for taxation. As to the minor children, however, whom he was bound to educate and support, the income thus applicable under the terms of these trusts was for the donor's own use and benefit; and since a part of the income in these trusts could be so used the whole of it was taxable to him under Section 167. This decision touching the trusts for adult beneficiaries applies to the present case, since Hawkins does not appear to have any obligation to support any beneficiary, though he be their grandfather; and it requires that the income of this trust be taxed to the fiduciary under Section 161(b) and not to the grantor under Section 167. If Section 22, which was considered in the Stuart case, did not operate to make the donor the owner, in the trusts for his adult children, when he was a trustee and had not only power by amending the trust, along with his wife and brother, to alter the times of distribution, but also to change the beneficiary, and to direct the trustees in sales and reinvestments and to withdraw property by substitution, it should not have that effect here when Hawkins is not trustee, has no voice in management, and no power save to alter distributions to named beneficiaries whom he is under no obligation to support or educate. Section 22 defines very broadly what is gross income. It throws no direct light at all on the question who shall pay the tax.

In holding Hawkins to be owner the Tax Court cites and relies on Commissioner v. Buck, 2 Cir., 120 F.2d 775; Brown v. Commissioner, 3 Cir., 131 F.2d 640; Foerderer v. Commissioner, 3 Cir., 141 F.2d 53; and George v. Commissioner, 8 Cir., 143 F.2d 837; to which may be added Stockstrom v. Commissioner, 8 Cir.,

148 F.2d 491, affirming 3 T.C. 255. These cases all stem from the Buck case, supra, which was mentioned by the Supreme Court in the Stuart case, 317 U.S. at page 161, 63 S.Ct. at page 144, 87 L.Ed. 154, as one of the differing cases which caused the grant of certiorari. The other cases mentioned as differing applied Sections 161, 166, and 167, while the Buck case relied on Section 22. The Stuart case was decided on Sections 161, 166 and 167, and not on Section 22. We find no approval of the Buck case in the opinion of the Supreme Court. But we need not concern ourselves with the correctness of the decisions cited by the Tax Court, because they each present several elements of control and benefit reserved by the settlor, or actually exercised by him, which are wholly absent in the present case. Some were decided as presenting a fact question. Other cases respecting estate taxes* which involved trusts similar to this one are not of any application, for the statutory provision there taxes to the decedent such property if there is a power "to alter, amend, revoke or terminate" in a transfer made by the decedent. See Internal Revenue Code, Sect. 811(d) (1) (2), 26 U.S.C.A. Int.Rev.Code § 811(d) (1,2).

Here we have on stipulated facts a single question of law—Does the reservation by the settlor, who is not trustee nor directly or indirectly a beneficiary and has no power of management or control, of a right to amend the provision as to distribution among the beneficiaries he has named, but not to introduce others, make him for income tax purposes the owner so as to be taxable as an individual on it under Sections 11 and 12, supra, or is the fiduciary taxable under Sections 161(b), 166 and 167 because the property is held in trust? We think the answer of the Tax Court is not in accordance with law, and its judgment is reversed with direction to eliminate the income in controversy in redetermining petitioner's tax.

Judgment reversed.

McCORD, Circuit Judge (dissenting).

The petitioner is a man of ample means. The majority opinion permits him to avoid tax liability by means of a trust device executed in favor of his grandchildren. The sole question presented is the income

---

* Such are Mellon v. Driscoll, 3 Cir., 117 F.2d 477; Millard v. Maloney, 3 Cir., 121 F.2d 257; Union Trust Co. v. Driscoll, 3 Cir., 138 F.2d 152.

tax liability of petitioner under Section 22(a) of the Revenue Act of 1938. His liability under Sections 166 and 167 was not considered by the Tax Court, nor does the Government attempt to predicate liability on these sections on appeal.

Liability under Section 22(a) is not foreclosed by reason of the fact that the Congress has made specific provisions applicable to property held in trust. Helvering v. Clifford, 309 U.S. 331, 337, 60 S.Ct. 554, 84 L.Ed. 788.

Here the beneficiaries acquired only potential interest in the trust. The settlor could take from one and give to another at his pleasure. He retained the sole right to alter or modify the provisions of distributions to the beneficiaries.. The decision of the Tax Court is abundantly sustained by the authorities. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Brown v. Commissioner, 3 Cir., 131 F.2d 640, certiorari denied 318 U.S. 767, 63 S.Ct. 760, 87 L.Ed. 1138; George v. Commissioner, 8 Cir., 143 F.2d 837, certiorari denied 323 U.S. 778, 65 S.Ct. 192; Commissioner v. Buck, 2 Cir., 120 F.2d 775; Foerderer v. Commissioner, 3 Cir., 141 F.2d 53.

I dissent.