**INGLE v. McGOWAN, Collector of Internal Revenue.**

No. 241, Docket 21977.

United States Court of Appeals, Second Circuit.

Argued May 8, 1951.

Decided June 8, 1951.

786

Harlan F. Calkins, Rochester, N. Y., Harris, Beach, Keating, Wilcox & Dale, Rochester, N. Y., for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson and Richard D. Harrison, Special Assts. to the Atty. Gen., George L. Grobe, U. S. Atty., Buffalo, N. Y., and A. J. Donovan, Asst. U. S. Atty., Rochester, N. Y., for appellee.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The ultimate question presented by this appeal is whether the district court erred in ruling as a matter of law that the plaintiff is taxable on the 1942 and 1943 income of a trust established by him in an earlier year. Such income was reported by the beneficiaries of the trust and the taxes thereon were paid by them. However, the Commissioner of Internal Revenue ruled that the trust income was taxable to the settlor of the trust and assessed against the plaintiff a deficiency for the year 1943, which he paid to the defendant collector. A claim for refund thereof having been rejected, the present action was brought. After answering, the collector moved for summary judgment. This motion was granted and from the resulting judgment dismissing the complaint, the plaintiff has appealed.

The defendant's motion for summary judgment asserted two grounds. One was the defense of collateral estoppel by judgment. This was based on a decision of the Tax Court, which had become final, holding the plaintiff taxable on the trust income for the year 1944.[1] Because the trust was amended in 1943, Judge Burke preferred not to determine the validity of the defense of collateral estoppel, but rested his decision on the other ground of the motion, namely, that the settlor of the trust retained such rights and powers over the trust property as to make him for income tax purposes the substantial owner of it. We shall follow the same course.

By the original trust agreement the settlor transferred to a corporate trustee certain shares of stock, and directed the trustee to pay the net income of the trust property to the settlor's brother for life, and upon the brother's death to pay the principal and any accrued income to the settlor or to his estate, if he were not then living. The settlor reserved the power to change the beneficiary or beneficiaries and to alter the trust in any particular except that he could not "revest in himself title to the whole or any part of the principal or income of the trust fund." The settlor also reserved the power to control the trustee's investments, and to remove the trustee and any successor trustee and appoint a new trustee. On December 9, 1941 the settlor exercised his reserved power to change the income beneficiary, and directed that the income be paid to the settlor's two daughters during the brother's life. The following day, the trust was

1. Ingle v. Commissioner, 8 T.C.M. 776.
 On the defense of collateral estoppel by judgment each party relies on Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L. Ed. 898 as the controlling authority in his favor.

again amended. The settlor relinquished his reserved powers to control investments and to change the trustee, and conferred such powers on the income beneficiaries or a majority of them, except that if the trustee were removed the new trustee must be a bank or trust company. A spendthrift clause was also added by this amendment. By the amendment of February 4, 1943 the trustee was directed to divide the trust fund into two separate trust funds, Trust A for one of his daughters and Trust B for the other, and each trust was to continue for the life of the beneficiary. The two daughters were adults and during 1942 and 1943 they were living separate and apart from their father.

 Technicalities of the law of trusts are not decisive in income tax matters; taxation is less concerned with the refinements of title than with the actual command of the property taxed.[2] In the case at bar the settlor could alter the trust in any particular and could dispose of principal and income as he pleased, except only that he could not revest title in himself. However, his power of disposition by amending the trust instrument gave him a control very close to that of complete ownership, for by shortening the period of the trust or by making a very old or very sick person the measuring life he could virtually become the owner of principal and interest at will. Although he had relinquished in 1941 the power to control investments and change the trustee, it would seem that he could indirectly exercise control in these matters by persuading the beneficiaries, whose interests were wholly subject to his will, to act as he wished or be supplanted. We agree with the statement in Brown v. Commissioner, 3 Cir., 131 F.2d 640, 641, to the effect that a settlor who can control the spending of a fund in every respect except spending

it for himself, is sufficiently the "owner" of the fund to make its income taxable to him under § 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a). See also Commissioner v. Buck, 2 Cir., 120 F.2d 775.

The plaintiff argues that whether the rights and powers retained by the settlor made him substantially the owner of the trust property is a question of fact which should have been submitted to a jury. We think not. The facts being undisputed, whether the settlor was subject to tax on the trust income was a question of law.[3] Hence defendant's motion for summary judgment was properly granted.

The judgment is affirmed.

---

2. Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916; Helvering v. Clifford, 309 U.S. 331, 334, 60 S.Ct. 554, 84 L.Ed. 788; Harrison v. Schaffner, 312 U.S. 579, 581, 61 S.Ct. 759, 85 L.Ed. 1055; Commissioner v. Buck, 2 Cir., 120 F.2d 775; Brown v. Commissioner, 3 Cir., 131 F.2d 640, certiorari denied

318 U.S. 767, 63 S.Ct. 760, 87 L.Ed. 1138.

3. Brown v. Commissioner, 3 Cir., 131 F.2d 640, 641, certiorari denied 318 U.S. 767, 63 S.Ct. 760, 87 L.Ed 1138; Commissioner v. Berolzheimer, 2 Cir., 116 F.2d 628, 630; Commissioner v. Buck, 2 Cir., 120 F.2d 775; 779.